GROSS, J.
This case arose out of a melee at a Mobil station involving 19 people divided into two opposing groups. The combatants threw bottles and exchanged punches and kicks. Two sets of shots were fired. When the dust settled, four persons were shot and three were stabbed. One person, Wilmer Hernandez, died from gunshot wounds.
The state charged appellant Fabian He-nao and Salvador Osegueda with six crimes — second degree murder of Hernandez, three counts of attempted second degree murder involving different victims, and two counts of shooting into an occupied vehicle. After a jury trial, Henao[1] was convicted of manslaughter with a firearm of Hernandez, attempted manslaughter with a firearm of Walfre Escobar, and one count of shooting into an occupied vehicle. The jury acquitted Henao of the remaining three charges.
Henao first contends that the trial court erred in instructing the jury on *337 the law of principals over his objection. Assuming that it was error to give the principals instruction, “in order for the unnecessary instruction to constitute reversible error, it must, under the circumstances of the case, be capable of misleading the jury in such a way as to prejudice the defendant’s right to a fair trial.” Lewis v. State, 693 So.2d 1055, 1057 (Fla. 4th DCA 1997). Any error that arose from the giving of the principals instruction was harmless.
In this case, Henao was acquitted of all the charges to which the principals instruction applied. Henao’s convictions were for those crimes where he unquestionably wielded a Smith & Wesson 9mm. Although the caliber of the bullet that struck Wilmer Hernandez was unknown, multiple witnesses testified that after He-nao fired, Hernandez fell to the ground. Henao conceded that he “could have hit” Hernandez when he fired as Hernandez was coming at him with a knife. The other two crimes of which Henao was convicted were both committed with the gun Henao fired. There is no reasonable possibility that the principals instruction contributed to these convictions.
We find no error in the trial court’s handling of the jury’s question or the denial of the motion for judgment of acquittal.

Affirmed.

GUNTHER and FARMER, JJ., concur.

. Well into the state's case, where Henao and Osegueda were being tried together, the trial court granted Osegueda’s motion for a mistrial. Henao did not join the motion and expressly stated that he wished to proceed.